UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LARA BOMMERSHEIM,**

      **Plaintiff,**

v.                                                    **CASE NO.:**

**NEAL COMMUNITIES, INC.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LARA BOMMERSHEIM, by and through the undersigned counsel, brings this action against Defendant, NEAL COMMUNITIES, INC., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Sarasota County, Florida.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to bringing this action have occurred.

5. Plaintiff timely filed a charge of discrimination with the Equal

Employment Opportunity Commission (EEOC") and Florida Commission on Human Relations ("FCHR"). A copy of the charges is attached hereto Exhibit "A".

6.      Plaintiff's charge of discrimination was dismissed from the EEOC and FCHR and right to sue was issued on August 24, 2020. A copy of Dismissal and Notice of Rights attached hereto as Exhibit "B".

## PARTIES

7.      Plaintiff is a resident of Sarasota County, Florida, and she worked in Sarasota County for Defendant.

8.      Defendant operates a real estate development company in Sarasota County, Florida.

## GENERAL ALLEGATIONS

9.      This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA, ADA, and retaliated against Plaintiff for exercising these same rights.

10.      At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

11.      Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

12.      Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

2

13.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

14.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

15.     Plaintiff has satisfied all conditions precedent, or they have been waived.

16.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

17.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

18.     Plaintiff began working for Defendant on or around April 2, 2018.

19.     At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

20.     Specifically, Plaintiff suffered from generalized anxiety disorder.

21.     On or around August 29, 2019, Plaintiff was further diagnosed with panic disorder which qualified as a serious health condition within the meaning of the FMLA.

22.     On or about December 2, 2019, Plaintiff requested FMLA protected leave to care for herself.

23.     On or about December 4, 2019, Plaintiff's employment was terminated for absences that should have been protected by the FMLA and/or in retaliation for requesting FMLA protected leave.

3

24.     Plaintiff exercised her rights under the FMLA by requesting FMLA protected leave.

25.     By terminating Plaintiff's employment, Defendant interfered with Plaintiff's rights under the FMLA and retaliated against her for attempting to exercise her rights under the FMLA.

26.     During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

27.     Plaintiff continues to suffer from the aforementioned physical or mental condition.

28.     At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

29.     Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

30.     In or about May 2018, Plaintiff notified Defendant of her condition.

31.     In or about July 2018, Plaintiff requested an accommodation from Defendant for her condition. Specifically, Plaintiff requested an alternate workspace away from bright lights and loud noises.

32.     Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation.

4

33.     Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

34.     By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

35.     On or about November 26, 2019, Plaintiff complained to Defendant's HR regarding hostile treatment based on her disability and/or in retaliation for her reasonable accommodation request.

36.     On or about December 4, 2019, Defendant terminated Plaintiff's employment based on her disability and/or in retaliation for her complaints of discrimination.

## COUNT I – FMLA INTERFERENCE

37.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as fully set forth herein.

38.     Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

39.     By terminating Plaintiff's employment for FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

40.     Defendant's actions were willful and done with malice.

41.     Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

5

**WHEREFORE**, Plaintiff demands:

a.  That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

b.  An injunction restraining continued violation of the FMLA by Defendant;

c.  Compensation for lost wages, benefits, and other remuneration;

d.  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

e.  Front pay;

f.  Liquidated Damages;

g.  Prejudgment interest on all monetary recovery obtained;

h.  All costs and attorney's fees incurred in prosecuting these claims; and

i.  For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

42.   Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 25 of this Complaint, as fully set forth herein.

43.     Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

44.     Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

45.     Plaintiff exercised her rights under the FMLA by requesting FMLA protected leave.

46.     Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

47.     Defendant's actions were willful and done with malice.

48.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

      a.     That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

      b.     An injunction restraining continued violation of the FMLA by Defendant ;

      c.     Compensation for lost wages, benefits, and other remuneration;

      d.     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff,

for the monetary losses Plaintiff suffered as a direct result of
Defendant's violations of the FMLA;

e.      Front pay;

f.      Liquidated Damages;

g.      Prejudgment interest on all monetary recovery obtained;

h.      All costs and attorney's fees incurred in prosecuting these claims;
        and

i.      For such further relief as this Court deems just and equitable.

### COUNT III – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

49.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations
stated in paragraphs 1 through 36.

50.     Plaintiff suffered from a condition categorized as a disability as defined by
the ADA, since it substantially limited one or more of Plaintiff's major life activities.

51.     Plaintiff was qualified to perform the essential functions of her job, with
or without a reasonable accommodation.

52.     Plaintiff requested a reasonable accommodation.  However, Defendant
refused to engage in the interactive process or otherwise provide a reasonable
accommodation.

53.     Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as
disabled.

54.     Defendant terminated Plaintiff on the basis of her disability or because
Defendant regarded Plaintiff as disabled in violation of the ADA.

8

41.     Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

42.     As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

43.     Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the ADA.

44.     Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

45.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

46.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands:

    a.      A jury trial on all issues so triable;

    b.      That process issue and that this Court take jurisdiction over the case;

    c.      That this Court enter an injunction restraining continued violation of the ADA;

    d.      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

9

e.    Reinstatement of Plaintiff to a position comparable to HIS/HER prior position, or in the alternative, front pay;

f.    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g.    Any other compensatory damages, including emotional distress, allowable at law;

h.    Punitive damages;

i.    Prejudgment interest on all monetary recovery obtained.

j.    All costs and attorney's fees incurred in prosecuting these claims; and

k.    For such further relief as this Court deems just and equitable.

## COUNT IV – ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMODATION)

47.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 36.

48.    Plaintiff is disabled, or was perceived by Defendant as being disabled.

49.    Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

50.    Defendant's actions were willful and done with malice.

51.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a.    A jury trial on all issues so triable;

b.      That process issues and that this Court take jurisdiction over the case;

c.      An injunction restraining continued violation of  law enumerated herein;

d.      Compensation for lost wages, benefits, and other remuneration;

e.      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f.      Compensatory damages, including emotional distress, allowable at law;

g.      Punitive damages;

h.      Prejudgment interest on all monetary recovery obtained;

i.      All costs and attorney's fees incurred in prosecuting these claims; and

j.      For such further relief as this Court deems just and equitable.

## COUNT V — ADA VIOLATION
### (RETALIATION)

53.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 36.

54.     As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

55.     Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation for her disability and complaining of disability discrimination in the workplace.

11

56.     Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

57.     Defendant's actions were willful and done with malice.

58.     The adverse employment action that Defendant took against Plaintiff was material.

59.     Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a.      A jury trial on all issues so triable;

b.      That process issue and that this Court take jurisdiction over the case;

c.      That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d.      That this Court enter an injunction restraining continued violation of the ADA;

e.      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f.      Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g.      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h.       Any other compensatory damages, including emotional distress, allowable at law;

i.       Punitive damages;

j.       Prejudgment interest on all monetary recovery obtained.

k.       All costs and attorney's fees incurred in prosecuting these claims; and

l.       For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.


Dated this 30th day of October, 2020.



                                   Respectfully submitted,


                                   */s/ Brianna A. Jordan*
                                   **BRIANNA A. JORDAN**
                                   Florida Bar Number: 1000982
                                   **Morgan & Morgan, P.A.**
                                   201 N. Franklin Street, Suite 700
                                   Tampa, Florida 33602
                                   Direct No. 813-393-5457
                                   Fax: 813-393-5481
                                   E-mail: bjordan@forthepeople.com
                                   **Attorney for Plaintiff**

13

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | ☒ FEPA ☒ EEOC | 511-2020-02677 |

| Florida Commission On Human Relations | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Lara Bommersheim | 941-961-0964 | 05/13/1990 |

| Street Address | City, State and ZIP Code |
|---|---|
| c/o Brianna Jordan, Morgan & Morgan, P.A., One Tampa City Center, Tampa, FL 33602 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I'Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Neal Communities, Inc. | 50+ | 888-716-9757 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5800 Lakewood Ranch Blvd. | Sarasota, FL 34240 |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN <br> ☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER | Earliest: May 1, 2018    Latest: December 4, 2019 <br> ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I:   PERSONAL HARM: **Charging Party ("CP")** was a qualified individual with a disability at all times relevant to the facts alleged in this Charge. Specifically, CP suffered from generalized anxiety disorder. CP was able to perform all job duties of her position with or without a reasonable accommodation. CP began working for Respondent on April 2, 2018. In May 2018 CP verbally notified her supervisor, Leisa Weintraub, of her disability. In June and July of 2018 CP missed time from work because of her disability and requested a reasonable accommodation in the form of an alternate workspace away from bright lights and loud noises. Respondent denied CP's reasonable accommodation request although it could have accommodated CP without experiencing undue hardship. Respondent failed to engage in an interactive process regarding CP's accommodation request. Ms. Weintraub's treatment of CP became increasingly hostile after she learned of CP's disability and following CP's reasonable accommodation request. In September 2018 CP had to purchase light reducing glasses and put a cloth above her cubicle to reduce light in her workspace, causing embarrassment and exacerbation of CP's symptoms. On August 29, 2019 CP reported to the ER for a severe Panic attack or a heart attack. CP was diagnosed with panic disorder by her Physician. Respondent failed to offer CP FMLA protected leave for her medically mandated absences. On November 26, 2019 CP complained to Respondent's HR regarding the hostile treatment she received from Ms. Weintraub as a result of her disability and/or in retaliation for her reasonable accommodation requests. On December 2, 2019 CP requested FMLA protected leave to care for herself. On December 4, 2019 Respondent terminated CP's employment without explanation. Respondent terminated CP's employment based on her disability and/or in retaliation for her reasonable accommodation requests.

II:   STATEMENT OF DISCRIMINATION: **My rights under the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act of 1992 (FCRA) were violated by Respondent based on my disability/handicap or being regarded as such.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. <br><br> *Lara Bommer* 3/26/20 | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |

Exhibit A



EDWIN HERNANDEZ
Notary Public, State of Flor...
Commission# GG 92184...
My comm. expires Oct. 10, 2...

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
3/26/2020



EDWIN HERNANDEZ
Notary Public, State of Florida
Commission# GG 921844
My comm. expires Oct. 10, 2022

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  Lara Bommersheim
C/O Brianna Jordan, Esq. Morgan & Morgan, PA
201 North Franklin Street 7th Flr.
Tampa, FL 33602

From:  Tampa Field Office
501 East Polk Street
Room 1000
Tampa, FL 33602

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2020-02677 | Jesus Gonzalez, Investigator | (813) 202-7904 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Evangeline Hawthorne*

August 24, 2020.

**Evangeline Hawthorne,**
**Director**

(Date Mailed)

Enclosures(s)

cc:
Jason A. Colloer
SHUMAKER, LOOP & KENDRICK, LLP
P.O. Box 49948
240 South Pineapple Avenue, Suite 1000
Sarasota, FL 34230

Brianna Jordan, ESQ,
MORGAN & MORGAN, PA
201 North Franklin Street, 7th Floor,
Tampa, FL 33602

Exhibit B